THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
FRANK TEAGUE, Defendant-Appellant.

Third District    No. 79-806

Opinion filed November 17, 1981.

Robert Agostinelli and Thomas Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (Larry Wechter and Robert J. Biderman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

This appeal is taken by the defendant, Frank Teague, from his conviction for armed robbery and unlawful use of weapons following a jury trial in Peoria County. He was sentenced to a term of 12 years' imprisonment on the armed robbery conviction only.

The defendant contends that his trial counsel was incompetent for failing to seek suppression of certain evidence, and that the trial court improperly considered the defendant's receipt of compensation from the robbery proceeds as an aggravating factor in sentencing.

Only those facts necessary for a resolution of the issues raised on appeal will be presented. The incidents giving rise to the defendant's convictions occurred around 8 p.m. on December 27, 1977. On the night in question, Peoria police officer Ed Olehy was on his way to work in an unmarked squad car with his partner Dean Blair when they heard a dispatch about a shooting at 615 MacArthur Avenue. They answered the call, which turned out to be a false alarm. While still at the scene, the officers received a call about an armed robbery at the Del Farm Store at 8:06 p.m. and proceeded toward the store on Howett Avenue. As he approached the intersection of Howett and Blain Streets, Officer Olehy noticed a car driven by a black male traveling on Blain Street in a manner that indicated the car would fail to stop, although Blain Street contains a posted stop sign at the intersection. The police officers had the right of way on Howett Avenue, a through street. The car approaching on Blain did come to a sudden stop when the driver, the defendant in the present case, suddenly applied the brakes.

The police officers continued through the intersection without incident and drove two more blocks to the scene of the robbery. They did not stop at the scene but instead drove toward Blain Street through an alley, because Officer Olehy felt the car he had seen was suspicious. Although it is not clear from the record, other officers apparently had arrived at the robbery scene prior to the arrival of Olehy and Blair.

When the two officers reached Blain Street, they observed the defendant's car near Blain and Linden Streets, two blocks from the Del Farm Store. When the driver of the car appeared to pull an item of clothing over his head, the officers decided to make an investigatory stop. However, when the lights and siren were turned on in the squad car, the defendant's car sped away.

A high speed chase ensued through and beyond the Peoria city limits. At speeds of 85 to 95 miles per hour, the defendant drove through stop signs and in the wrong lane of traffic while as many as six police cars followed in pursuit. The defendant was finally run off the road and ordered to exit his vehicle. He struggled with the police, but was subdued and handcuffed as he was arrested.

Officer Olehy found several articles of clothing, including a brown cap in the car, along with a brown paper bag full of money, a small walkie-talkie and a duffel bag.

Officer Walter Jatkowski, the crime technician called to the scene, removed a brown leather coat from the car. He opened the duffel bag and found a disassembled shotgun with a 13½ inch barrel. A box of .22-caliber bullets was also found in the duffel bag. This shotgun formed the basis for the defendant's unlawful use of weapons conviction.

The following day, Officer Jatkowski found a tan turtleneck sweater which the robbery victim identified as having been worn by the robber in a ditch along the chase route. An ear plug for a police scanner found in the defendant's car was intertwined with the tan sweater.

A .22-caliber gun was also found along the chase route. The ammunition from the gun was similar to that in the box from the duffel bag.

The items of apparel, the two guns, the duffel bag, the ammunition, and the scanner outfit were all admitted into evidence. The defendant's appointed trial counsel did not move to suppress these items in a pretrial motion. During the course of Officer Olehy's testimony, defense counsel did raise a suppression motion, on the basis of a lack of probable cause for the initial stop of the defendant. The jury was taken out, and Officer Olehy testified on the motion. Upon being told that the police officers had not activated their sirens and lights and moved to stop the defendant until they saw him remove an article of clothing, defense counsel withdrew his suppression motion.

The defendant now contends that he was denied his constitutional right to the effective assistance of counsel by his attorney's failure to raise or pursue a motion to suppress evidence. While we find the rationale for the initial stop of the defendant subject to debate, we do not find defense counsel's representation of the defendant ineffective under the facts of this case.

Defense counsel studied the police reports prior to trial and decided against the filing of a suppression motion based on Officer Olehy's statement that the decision to stop the defendant was not made until after the officers observed him removing an article of clothing. When Officer Olehy's testimony at trial differed from his statement in the police reports, defense counsel made an oral motion to suppress. However, when Olehy reasserted the additional facts contained in his report, counsel withdrew his motion.

■■■ We cannot say that defense counsel's actions regarding the suppression motion amount to actual incompetence which substantially prejudiced the defendant, the standard by which ineffective assistance of appointed counsel is judged. (*People v. Hills* (1980), 78 Ill. 2d 500, 401 N.E.2d 523.) Certainly, defense counsel's representation of the defendant was not so defective as to render the defense a sham or a farce. Upon consideration of all the circumstances of this case, we conclude that the defendant was ably represented. *People v. Washington* (1968), 41 Ill. 2d 16, 241 N.E.2d 425.

The defendant was sentenced to a term of 12 years' imprisonment solely on the armed robbery conviction. In pronouncing sentence, the trial judge considered three factors in aggravation: (1) that the defendant's conduct caused or threatened serious harm; (2) that the defendant received compensation for committing the offense; and (3) deterrence. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(a).) The single mitigating factor considered was the fact that the defendant led a law-abiding life for a substantial period of time before commission of the instant offense. Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.1(a)(7).

■■ The compensation factor was improperly considered by the trial judge. The Illinois Supreme Court recently held that compensation for committing an offense can properly be considered as an aggravating factor only when the defendant receives remuneration other than the proceeds from the offense itself. (*People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906.) Because we cannot be certain how much consideration the trial court gave to the improper factor, we must remand for resentencing.

■■ ■ At the resentencing hearing to be held pursuant to this court's mandate, we direct the trial judge to impose a sentence upon the defendant's unlawful use of weapons conviction. The record shows that the trial judge did not sentence the defendant for that offense, because he believed it merged into the armed robbery. This belief is erroneous. Sentencing on more than one offense is only prohibited where the multiple offenses are based on the same physical act or where lesser included offenses are involved. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838.) In the present case, the unlawful use of weapons offense was based upon the defendant's possession of the shotgun found in his duffel bag, a circumstance unrelated to the armed robbery in which the defendant carried a handgun. In addition, neither offense in the case at bar is a lesser included offense of the other, since each offense requires proof of different elements. Ill. Rev. Stat. 1979, ch. 38, pars. 18—2(a), 24—1(a)(7).

For the foregoing reasons, although we affirm the judgment of the Circuit Court of Peoria County, we vacate the sentencing order and remand the cause for resentencing with directions.

Judgment affirmed, sentence vacated, and cause remanded with directions.

SCOTT, P. J., and STOUDER, J., concur.