THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL DeSIMONE, Defendant-Appellant.

Second District   No. 81—22

Opinion filed September 10, 1982.

Mary Robinson and David Morris, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, of counsel), for the People.

JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendant, Michael DeSimone, appeals from the imposition of two extended sentences of 60 years each for attempt (murder) (Ill. Rev. Stat. 1979, ch. 38, par. 8—4(a)) and armed robbery (Ill. Rev. Stat. 1979, ch. 38, par. 18—2(a)) to be served consecutively.

Briefly stated, the factual background of this matter reveals that on April 18, 1980, at about 1:30 in the afternoon, an unmasked man carrying a gun entered the medical offices of Dr. Robert C. Lynch. The man, who was identified at trial as defendant, pointed the gun at the nurse, Mrs. Stefenhagen, announced a robbery and ordered the nurse and Laurie Lansman, a patient waiting in the anteroom, to the back of the office complex. At that point a second man, wearing a

mask, walked in.

Dr. Lynch was in the main office, bent over his brief case, looking for his glasses, when a loud explosion like cherry bombs going off in his ears occurred. He felt a terrible pain and turned to find defendant, Michael DeSimone, holding a gun in his face. Dr. Lynch had been shot in the back of the head at the base of the skull and was bleeding very badly. Defendant ordered Dr. Lynch down the hall with the others. Dr. Lynch, Nurse Stefenhagen and Laurie Lansman were ordered to lie down. Their hands and ankles were bound with tape.

Defendant ordered one of Dr. Lynch's employees, Margaret Callahan, to open the cash register in the main office. She later discovered $70 was missing from that cash register. Laurie Lansman found $60 missing from her purse. As the intruders left, Dr. Lynch asked them to call an ambulance. They answered with an obscene remark. Dr. Lynch freed himself after a few minutes and called the police.

The jury found defendant guilty of attempt (murder) (Ill. Rev. Stat. 1979, ch. 38, par. 8—4(a)), aggravated battery (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)(1)), armed robbery (Ill. Rev. Stat. 1979, ch. 38, par. 18—2(a)) and armed violence (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2), all relating to Dr. Lynch. Defendant was found not guilty of charges for armed robbery (Ill. Rev. Stat. 1979, ch. 38, par. 18—2(a)) and armed violence (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2) relating to Margaret Callahan and Laurie Lansman. Motion for a new trial was argued and denied.

In sentencing, the court found that no mitigating factors were present (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.1) and that the following aggravating factors were present: infliction of serious bodily harm, a prior history of delinquency and crime including a prior murder conviction, the receipt of compensation for the crimes in the form of the robbery proceeds and the necessity to deter others. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(a).) The court found that extended terms of 60 years each for armed robbery and attempt (murder) were necessitated by the exceptionally brutal and heinous behavior of the defendant in shooting Dr. Lynch at close range from behind. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)(2).) Citing section 5—8—4 of the Unified Code of Corrections (hereinafter cited as Corrections Code), the court further found that consecutive sentences were appropriate because the defendant caused severe bodily harm during his commission of a Class X felony and, based on the nature of the conduct and defendant's history, consecutive sentences were required to protect the public from further criminal conduct by the defendant. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—4.) This ap-

peal was timely filed.

■■ As stated above, the trial judge did include in his enumeration of the aggravating factors which he found to be present the receipt of compensation for the crimes in the form of the robbery proceeds. Defendant contends that this was error, and we agree. (*People v. Conover* (1981), 84 Ill. 2d 400, 405.) In *Conover*, the sentences imposed were for burglary and theft over $150, and it appears evident that in *Conover* the trial court did give weight to the erroneous consideration of receipt of compensation as an aggravating factor under section 5—5—3.2 of the Corrections Code. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2.) The supreme court concluded that, since they could not determine the weight which the trial court had accorded to that factor, it was necessary to remand the cases for resentencing.

A review of the total circumstances of the present case, particularly the trial judge's remarks at the time of sentencing, leads us to conclude that, while this factor was erroneously included by the trial court as an aggravating factor, its presence was of no significance in the trial judge's determination of the sentence to be imposed on defendant. The court considered each of the mitigating factors set forth in section 5—5—3.1 of the Corrections Code (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.1) and found not only that the evidence failed to show the existence of any mitigating factors but also that, with reference to a number of them, the evidence was to the contrary. In addition, the court found that the defendant had inflicted serious bodily harm or injury to another person, that the defendant had a history of serious prior delinquency and criminal activities including a prior murder conviction and that the sentence was necessary to deter others from committing the same crime. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2.) The record further discloses that the defendant did not show any remorse but rather demonstrated a deliberate and calculated attitude of contempt for the judicial system.

Having concluded that the weight given by the trial judge to the factor of receipt of compensation for the commission of the crime was insignificant and did not lead to the imposition of a more severe sentence, we determine the error to be harmless. See *People v. Hicks* (1981), 101 Ill. App. 3d 238, 244. But see *People v. Hunt* (1981), 100 Ill. App. 3d 553, 557-58; *People v. Teague* (1981), 101 Ill. App. 3d 993, 996.

Defendant next contends that the trial court erroneously concluded that the offense of attempt (murder) was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty and the resultant sentence for that offense, taken together with the

judge's imposition of consecutive sentences, constituted an abuse of discretion by the sentencing judge.

■■ Defendant suggests that, based on decisions of other jurisdictions, there must be evidence that defendant's conduct incorporated some idea of torture or the unnecessary infliction of pain upon the victim to cause defendant's conduct to fall within the meaning of the phrase "exceptionally brutal or heinous behavior indicative of wanton cruelty." (*State v. Clark* (La. 1980), 387 So. 2d 1124, *cert. denied* (1981), 449 U.S. 1103, 66 L. Ed. 2d 830, 101 S. Ct. 900; *Williams v. State* (Fla. 1980), 386 So. 2d 538.) Such a requirement was rejected by the Illinois Supreme Court in *People v. La Pointe* (1981), 88 Ill. 2d 482, 501, and by this court in *People v. Winston* (1982), 106 Ill. App. 3d 673, 687-88. The supreme court in *La Pointe* stated:

> " 'Heinous' is defined by Webster's Third New International Dictionary (unabridged) as 'hatefully or shockingly evil: grossly bad: enormously and flagrantly criminal'; 'brutal' includes 'grossly ruthless,' 'devoid of mercy or compassion: cruel and cold-blooded.' Clearly, in our opinion, the statute does not limit the imposition of a sentence of natural life imprisonment [on the basis of 'exceptionally brutal or heinous behavior indicative of wanton cruelty'] to only those murders involving torture or the infliction of unnecessary pain." (88 Ill. 2d 482, 501.)

The court in *La Pointe* further stated that an extended sentence was not an abuse of discretion where the defendant convicted of murder "acted with premeditated, cold-blooded deliberation ***." (88 Ill. 2d 482, 501.) In *La Pointe* the decedent had been shot twice in the head and neck from the rear and at close range. 88 Ill. 2d 482, 488.

This is quite similar to the behavior of the defendant in the instant situation. There was competent evidence from which the trial court could have concluded that defendant shot Dr. Lynch in the back of the head deliberately and with premeditation at a time when the doctor was unaware of the presence of the defendant and was innocently reaching into his brief case for his glasses. Defendant's testimony that he thought the doctor was reaching for a gun could properly be rejected by the trial court as the trier of fact. The fact that Dr. Lynch did not die from the wound inflicted by the defendant was merely fortuitous considering that the defendant shot him in the back of the head at close range and then left him bleeding profusely, bound hand and foot. These circumstances are sufficient to distinguish the instant matter from *People v. Schlemm* (1980), 82 Ill. App. 3d 639, 650-51, *cert. denied* (1981), 499 U.S. 1127, 67 L. Ed. 2d 115, 101 S. Ct. 948, cited by defendant, where the appellate court refused to up-

hold the extended term sentences imposed for concealment of a homicide where the accompanying behavior was found not to have been exceptionally brutal or heinous. In view of the totality of the circumstances in this matter, the trial court could find both the attempt (murder) and the armed robbery to be accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty.

■ Defendant also argues that because of his age the sentences imposed were the equivalent of a life sentence and thus violated section 5—8—1(a)(1) of the Corrections Code (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(1)), which precludes a term of natural life absent a murder conviction. This argument does not have merit. *People v. Butler* (1979), 78 Ill. App. 3d 809, 818.

The determination and imposition of a sentence involves considerable judicial discretion. Recent decisions have emphasized that the standard of review to be applied in determining whether a sentence is excessive is: Did the trial court abuse its discretion in imposing the sentence? *People v. La Pointe* (1981), 88 Ill. 2d 482, 492; *People v. Robinson* (1980), 83 Ill. 2d 424, 429; *People v. Cox* (1980), 82 Ill. 2d 268; *People v. Perruquet* (1977), 68 Ill. 2d 149, 153-54.

The Corrections Code (Ill. Rev. Stat. 1979, ch. 38, par. 1001—1—1 *et seq.*) vests a wide discretion in sentencing judges in order to permit reasoned judgments based upon the circumstances of each case. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 492.) The trial court is normally the proper forum for the determination of a sentence, and the trial judge's decision regarding sentencing is entitled to great deference and weight. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 492-93; *People v. Perruquet* (1977), 68 Ill. 2d 149, 154.) In *People v. La Pointe*, the supreme court noted that a trial judge is not required to detail for the record the process by which he strikes an appropriate balance between protection of society and rehabilitation of the offender. The record need only indicate that the court "carefully considered the evidence within the prescribed statutory framework, including the statutory factors in mitigation and aggravation, the presentence investigation, the credibility and demeanor of the witnesses, the defendant's premeditation and deliberation, and the total absence of remorse on his part." 88 Ill. 2d 482, 493.

In the case at bar, the trial court carefully fulfilled these requirements, specifically finding no factors in mitigation and numerous aggravating factors. In addition, the court found that extended terms were appropriate since the offenses were accompanied by exceptionally brutal and heinous behavior indicative of wanton cruelty. The trial court did not abuse its discretion in sentencing the defendant.

In his supplemental brief, defendant contends that the imposition of the two extended terms was illegal for two reasons: (1) the imposition of two extended sentences in this case violated the legislative intent behind the extended term statute, violated .due process and equal protection and was in contradiction to the sentencing philosophy of the Illinois Supreme Court; and (2) the multiple use of a finding of infliction of great bodily harm to both extend the two sentences imposed in this case and to have them run consecutively was improper. We consider these reasons in reverse order.

■ Defendant argues that the imposition of both extended and consecutive sentences constituted double enhancement, alleging that the same factors were relied upon by the court in both determinations and citing in support of his position *People v. Haron* (1981), 85 Ill. 2d 261, *People v. Hobbs* (1981), 86 Ill. 2d 242, and *People v. Donaldson* (1982), 91 Ill. 2d 164. We find this argument to be without merit.

Initially, we observe that the cases cited by defendant are inapposite. The imposition of both extended terms and consecutive sentences for the offenses of which the defendant was convicted in this cause is not the "double enhancement" discussed by the Illinois Supreme Court in *Haron* and *Hobbs*. In *Haron* the court rejected the State's argument that the legislature intended that use of a weapon in a battery should doubly enhance the offense into armed violence (*People v. Haron* (1981), 85 Ill. 2d 261, 278), and in *Hobbs* the court rejected the use of 1978 felony theft conviction to enhance a 1979 offense from a misdemeanor, which it otherwise would have been, to a felony and use it again to extend the penalty (*People v. Hobbs* (1981), 86 Ill. 2d 242, 244-46). In *Donaldson*, as in *Haron*, the supreme court was dealing with the offense of armed violence, and the court pointed out that the underlying felony charge, aggravated battery causing great bodily harm, was a necessarily included offense and did not require proof of any facts in addition to those required to prove the offense of armed violence based on the underlying felony of aggravated battery causing great bodily harm. (*People v. Donaldson* (1982), 91 Ill. 2d 164, 170.) In the case before us, the offenses of attempt (murder) and armed robbery are separate and distinct crimes based upon separate acts each requiring proof of different elements, and defendant does not contend that separate convictions could not be properly entered upon both.

In sentencing defendant for these offenses, the trial court did not use a finding of infliction of great bodily harm to both impose an extended term and have these terms run consecutively. The trial court imposed extended sentences because it found that the defendant's behavior was exceptionally brutal and heinous. (Ill. Rev. Stat. 1979, ch.

38, par. 1005—5—3.2(b)(2).) Though it is true that the trial judge considered defendant's shooting of Dr. Lynch in imposing the extended terms, the callous and cold-blooded manner in which defendant inflicted the injury, not simply the infliction of great bodily harm, was the apparent basis for the imposition of extended terms.

The trial court's finding that confinement for consecutive terms was required for the protection of the public rested not only on a determination that defendant's conduct had caused severe bodily injury but also on consideration of defendant's history and character. (Ill. Rev. Stat. 1979, ch. 38, pars. 1005—8—4(a), (b).) Defendant's past criminal record included a prior murder conviction, and he demonstrated contempt for the judicial process and a total lack of remorse. These elements are separate and distinct from those considered by the trial judge in making his determination to impose extended terms.

Imposition of consecutive sentences under the circumstances of the instant case comports with the applicable statutes. While not raised by the defendant in his appeal, we note that the statute regarding consecutive sentences had been modified, indicating a shift in legislative intent as that intent is expressed in the statutes. Prior to February 1, 1978, section 5—8—4(a) of the Corrections Code provided in part, "[t]he court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective." (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—4(a).) Since the offenses in this case were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, the trial court would not have been authorized to impose consecutive sentences under the law prior to February 1978.

In *People v. King* (1977), 66 Ill. 2d 551, 565, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273, the supreme court recognized that, to a degree, there is a prejudical effect of double punishment in the form of consecutive sentences for crimes arising from multiple acts motivated by essentially the same criminal objective and observed that, in 1973, the legislature had recognized this fact by the enactment of section 5—8—4(a) of the Corrections Code (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(a)) in the form quoted above. Following the supreme court's decision in *King*, however, the legislature saw fit to amend this section of the Corrections Code. Public Act 80—1099, effective February 1, 1978, added as an exception to the prohibition against consecutive sentences contained in section 5—8—4(a), quoted above, the following language "unless, one of the offenses for

which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, in which event the court may enter sentences to run consecutively." (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—4(a).) The sentences imposed in this matter fell within the foregoing exception, since not one but both offenses were Class X felonies and the defendant had inflicted severe bodily injury.

We next consider whether the imposition of two extended term sentences in this matter violated legislative intent, due process and equal protection and was in contradiction to the sentencing philosophy of the Illinois Supreme Court. While we recognize that penal statutes are to be strictly construed in favor of an accused (*People v. Bratcher* (1976), 63 Ill. 2d 534, 543) and that any ambiguity therein should be resolved in favor of lenity (*People v. Hobbs* (1981), 86 Ill. 2d 242, 246), the prime consideration in construing a statutory enactment is to ascertain and give effect to the intent of the legislature, and statutes must not be construed so rigidly as to defeat that intent (63 Ill. 2d 534, 543).

Section 5—8—2(a) of the Corrections Code provides in relevant part as follows:

> "A judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by Section 5—8—1 for the class of the most serious offense of which the offender was convicted unless the factors in aggravation set forth in paragraph (b) of Section 5—5—3.2 were found to be present." (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—2(a).)

Section 5—5—3.2(b)(2) of the Corrections Code provides that an extended sentence may be imposed "[w]hen a defendant is convicted of any felony and the court finds that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty." Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)(2).

In *People v. Evans* (1981), 87 Ill. 2d 77, our supreme court considered the foregoing sections of the Corrections Code and concluded that it was the legislative intent expressed therein that, unless the most serious offense of which the offender was convicted was accompanied by exceptionally brutal and heinous behavior indicative of wanton cruelty, an extended term sentence could not be imposed on a lesser offense of which the offender also stood convicted even though that lesser offense had been accompanied by brutal and heinous behavior.

We note also that in its supplemental opinion in *People v. Walsh* (1981), 101 Ill. App. 3d 1146, 1150, the first district of this court interpreted *Evans* as a holding by the supreme court that an extended

term may be imposed only for the most serious offense of which the offender stands convicted. In *Walsh* the defendant had been sentenced to extended terms of imprisonment for both a Class 1 felony and a Class X felony. Defendant contended that he could not be sentenced to an extended term on the Class 1 felony because it did not belong to the "class of the most serious offense of which the defendant was convicted." There was no suggestion by the defendant in *Walsh* that both offenses of which he stood convicted had not been accompanied by brutal and heinous conduct indicative of wanton cruelty. Based on *Evans*, the *Walsh* court felt compelled to vacate the extended term sentence imposed for the lesser offense.

In *People v. Winston* (1982), 106 Ill. App. 3d 673, this district of the appellate court, on the basis of the holdings in *Evans* and *Walsh*, vacated an extended term imposed for robbery, a Class 2 felony where the court had also imposed an extended term for murder, a higher class. In that case, the court did not reach the additional issue as to whether or not the trial court had, in fact, found the offense of robbery to be accompanied by brutal and heinous conduct indicative of wanton cruelty.

Defendant asserts that it is clear from a reading of section 5—8—2(a) in conjunction with section 5—5—3.2 of the Corrections Code (Ill. Rev. Stat. 1979, ch. 38, pars. 1005—8—2(a), 1005—5—3.2) that the legislature intended that, under any set of convictions pending before a sentencing court on a given date, only one extended term can be imposed for offenses arising out of a single incident.

We disagree. First, we are inclined to believe that the holdings in *Walsh* and *Winston* are overly broad interpretations of the supreme court's decision in *Evans*. *Evans* held that section 5—8—2(a) of the Corrections Code, when read in conjunction with section 5—5—3.2 (Ill. Rev. Stat. 1979, ch. 38, pars. 1005—8—2(a), 1005—5—3.2), disclosed a legislative intent that an extended term could not be imposed upon an offender unless the most serious offense of which he was convicted was accompanied by exceptionally brutal and heinous behavior indicative of wanton cruelty. It did not suggest, nor do we read those provisions of the Corrections Code as suggesting, an intent that only one extended term could be imposed or, for that matter, that an extended term could not be imposed for a lesser offense accompanied by exceptionally brutal and heinous behavior indicative of wanton cruelty so long as the most serious offense of which defendant stood convicted was also accompanied by such behavior.

However, even if *Walsh* and *Winston* represent a correct statement of the law, neither they nor *Evans* support the contention the

defendant makes here that the legislature intended that, under any circumstances, only one extended term can be imposed upon a defendant for convictions of multiple offenses arising out of a single incident.

■ Defendant's reading of the statute is too restrictive. In order to determine the intent of the legislature, the statute must be considered as a whole and all pertinent parts reviewed. (*People v. Hairston* (1970), 46 Ill. 2d 348, 356, *cert. denied* (1971), 402 U.S. 972, 29 L. Ed. 2d 136, 91 S. Ct. 1658; *People v. Meints* (1976), 41 Ill. App. 3d 215, 219.) In addition to the foregoing provisions, we point out that section 5—8—4(c)(2) of the Corrections Code (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—4(c)(2)) provides in substance that the aggregate of consecutive sentences shall not exceed the sum of the maximum terms authorized under section 5—8—2 (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—2), the extended term section, for the two most serious felonies involved. Section 5—8—4(c)(2) plainly indicates a legislative intent that more than one extended term may be imposed and, under proper circumstances, such sentences can be made consecutive to one another.

■ In the case at bar, both offenses were Class X felonies, and, under the provisions of section 5—8—2(a) (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—2(a)), a sentence of 60 years for each offense was permissible. The sentences imposed by the court fell within the restrictions of section 5—8—4(c)(2) (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—4(c)(2)) in that the aggregate of the consecutive sentences did not exceed the sum of the maximum terms authorized under the extended term section for the two most serious felonies involved.

■ We find no prohibition in *Evans, Walsh* or *Winston* barring imposition of more than one extended term when both offenses for which the defendant stands convicted fall within the class of the most serious offense. We further conclude that section 5—8—2(a) of the Corrections Code read in conjunction with sections 5—5—3.2 and 5—8—4(c)(2) (Ill. Rev. Stat. 1979, ch. 38, pars. 1005—8—2(a), 1005—5—3.2 and 1005—8—4(c)(2)) makes evident that extended terms may be imposed for more than one offense when all of the offenses are within the class of the most serious offense committed by the defendant and all of the offenses for which the extended terms are imposed are accompanied by brutal and heinous behavior indicative of wanton cruelty.

■ As an alternative argument, defendant maintains that the imposition of extended terms for more than one offense upon defendants convicted of crimes of the same class, but not permitting them for multiple convictions of offenses of different classes, would deny

defendant both equal protection and due process of law and would thus be unconstitutional citing *People v. Bradley* (1980), 79 Ill. 2d 410. As the court stated in *Bradley,* the equal protection clause of the Federal Constitution does not deny States the power to treat different classes of persons in different ways. It requires equality between groups of persons "similarly situated"; it does not require equality or proportionality of penalties for dissimilar conduct. (79 Ill. 2d 410, 416.) The sections of the Corrections Code in question in this case permit the imposition of extended terms for offenses of which an offender stands convicted if accompanied by brutal and heinous conduct indicative of wanton cruelty when such behavior accompanies the most serious offense of which the offender stands convicted. We deem this to be a reasonable classification and discern no unequal treatment here and no violation of the equal protection clause of either the State or Federal constitution.

■■ The legislature, under the State's police power, has wide discretion to fix penalties for defined offenses subject to the constitutional requirement that a person's liberty cannot be deprived without due process of law. The standard measure of the proper exercise of the police power is whether the statute is reasonably designed to remedy evils which the legislature has determined to be a threat to the public health, safety and general welfare. (*People v. Bradley* (1980), 79 Ill. 2d 410, 417.) It cannot be seriously suggested that the imposition of an extended term upon an offender where the offense which he has committed is accompanied by brutal and heinous behavior indicative of wanton cruelty is not an evil which is a threat to the public welfare. There is no violation of the due process clause of either the Federal or State constitution, and the imposition of extended terms for offenses accompanied by such conduct is constitutionally permissible.

The judgments and sentences for attempt (murder) and armed robbery are affirmed.

Affirmed.

HOPF and NASH, JJ., concur.