THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT E. WAY, Defendant-Appellant.

Third District   No. 82—298

Opinion filed June 9, 1983.

Robert Agostinelli and Stephen Omolecki, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Vicki R. Wright, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

The defendant, Robert E. Way, was convicted on one count of attempt (murder) and two counts of deviate sexual assault. He was sentenced to an extended term of 60 years for attempt (murder) and two extended terms of 60 years for deviate sexual assault. The sentence for attempt was to run consecutively to the concurrent terms for deviate sexual assault. The defendant challenges his sentence on appeal, arguing that the court erred in imposing more than one extended sentence and in utilizing the defendant's prior conviction for murder as the basis for the extended sentence.

The defendant asserts that the extended terms for deviate sexual assault must be reduced to a nonextended term because only one extended-term sentence may be imposed upon a defendant convicted of multiple offenses arising from a single incident. The defendant argues that because he received an extended term for attempt (murder), the court erred in also sentencing him to extended terms for deviate sexual assault. The defendant bases his argument on the language of section 5—8—2(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—2(a)), and the decision in *People v. Evans* (1981), 87 Ill. 2d 77, 429 N.E.2d 520.

Section 5—8—2(a) provides in relevant part:

"A judge shall not sentence an offender to *a term of imprisonment* in excess of the maximum sentence authorized by Section 5—8—1 for the class of the most serious offense of which the offender was convicted unless the factors in aggravation set forth in paragraph (b) of Section 5—5—3.2 were found to be present. (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—2(a).)

The defendant argues that the language "a term of imprisonment" in-

dicates that the legislature intended that only a single extended term be imposed on a defendant when multiple convictions stem from a single incident. The defendant infers this intent from the failure of the legislature to use the plural "term(s)" in the statute.

■ We believe the defendant has too strictly interpreted the statutory language. The essence of the language is that each sentence imposed by the court may not exceed the maximum provided for the class of the most serious offense unless an aggravating factor is present. Section 5—8—2(a) limits the maximum sentence which a defendant may receive unless a factor in aggravation is present. (*People v. Jordan* (1983), 114 Ill. App. 3d 16.) The defendant's argument would expand the scope of the statute to limit not only the maximum sentence which a defendant may receive but also the number of extended sentences which a court may impose. We decline to so expand the effect of section 5—8—2(a) based solely upon the usage of "term" rather than "term(s)."

The defendant also argues that the decision in *People v. Evans* (1981), 87 Ill. 2d 77, 429 N.E.2d 520, supports his contention that only one extended sentence may be imposed upon him. The court in *Evans* held that when a defendant has been convicted of multiple offenses of differing classes, an extended term may be imposed for the most serious offense only if that offense was accompanied by an aggravating factor. Several courts subsequently interpreted the *Evans* decision as mandating that an extended term be imposed only for the most serious offense of which a defendant has been convicted. *People v. Walsh* (1981), 101 Ill. App. 3d 1146, 428 N.E.2d 937; *People v. Winston* (1982), 106 Ill. App. 3d 673, 435 N.E.2d 1327.

However, more recent decisions interpreting section 5—8—2(a) have rejected the holdings of *Walsh* and *Winston*. The court in *People v. DeSimone* (1982), 108 Ill. App. 3d 1015, 439 N.E.2d 1311, refused to interpret the *Evans* decision as requiring that only one extended term be imposed upon a defendant for multiple convictions arising from a single incident. The court in *People v. Mims* (1982), 111 Ill. App. 3d 814, 444 N.E.2d 684, acknowledged that it was departing from its earlier decision in *Walsh* and affirmed extended sentences for Mims' convictions of murder and armed robbery, both of which stemmed from a single incident. The court in *Mims* relied upon the Illinois Supreme Court decision in People v. Williams (April 16, 1982), No. 51870, wherein the supreme court held that extended terms were properly imposed for convictions of rape and aggravated kidnaping, which are different class offenses, although both convictions arose from one incident. A subsequently issued opinion reversed and re-

manded the Williams case on other grounds but left the analysis of the sentencing issue undisturbed. *People v. Williams* (1982), 93 Ill. 2d 309, 444 N.E.2d 136.

This court recently decided the issue in the instant case in accord with the decision in *Mims*. In *People v. Jordan* (1983), 114 Ill. App. 3d 16, 27, we held that section 5—8—2(a) "does not limit the imposition of an extended term sentence to the most serious. class of offenses of which an accused is convicted." Instead, the statute acts as a limit on the maximum sentence a defendant may receive where no factor in aggravation is present.

■ Based upon our decision in *Jordan*, as well as the reasoning and holdings of *Mims* and *DeSimone*, we conclude that the imposition of multiple extended-term sentences for convictions of offenses of different classes is proper under section 5—8—2(a), even where the multiple convictions are based upon a single incident. We therefore hold that the trial court properly sentenced the defendant in this case to three extended-term sentences based upon the convictions for attempt (murder) and deviate sexual assault.

The defendant also argues that the court erred in imposing extended terms of imprisonment because the court relied upon the defendant's prior conviction of murder, pursuant to section 5—5—3.2(b)(1) of the Unified Code of Corrections. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2(b)(1).) The defendant's prior conviction was based upon a guilty plea by the defendant. The defendant asserts that a conviction which results from a guilty plea cannot be used as a factor in imposing an extended-term sentence.

Section 5—5—3.2(b)(1) provides that an extended-term sentence may be imposed:

> "(1) When a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years, excluding time spent in custody, and such charges are *separately brought and tried* and arise out of different series of acts ***." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2(b)(1).)

The defendant argues that the language "separately brought and tried" precludes the use of a conviction based upon a guilty plea because in such a situation the charges against the defendant were never "tried."

We disagree. The meaning of the statutory language on which the defendant relies was recently considered by the court in *People v. Baker* (1983), 114 Ill. App. 3d 803. The defendant in *Baker* challenged the use by the trial court of a prior conviction as a factor in imposing

an extended sentence where the record was unclear as to whether the conviction resulted from a guilty plea or a trial verdict. Baker's appeal was based upon the very language on which the present defendant now relies.

■ We find the decision in *Baker* to be the correct resolution of this issue. The purpose underlying the extended-term statute is to increase the punishment of recidivists. As the court in *Baker* noted, charges against an accused may be brought separately but tried together. This provision of the extended-term sentence prevents a court from imposing an extended term upon a defendant based upon charges tried concurrently. The language in question thereby ensures that a prior conviction, when used as the basis for an extended term, will be totally separate and distinct from the charges for which the extended sentence is imposed, so that it is clear that the accused is in fact a recidivist. We conclude that the language "separately brought and tried" was meant to reflect the goal of punishing recidivists and not, as the present defendant argues, to distinguish between prior convictions based on trial verdicts rather than guilty pleas. The trial court in the instant case properly utilized the defendant's prior conviction for murder as a factor in imposing the three extended-term sentences on the defendant.

Because the trial court properly imposed extended-term sentences for the defendant's multiple convictions, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

STOUDER, P.J., and BARRY, J., concur.