THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOCK A. DOOLEY, Defendant-Appellant.

Third District   No. 3—90—0379

Opinion filed February 28, 1992.—Rehearing denied April 7, 1992.

Arthur J. Inman, of Peoria, for appellant.

Erik I. Blanc, State's Attorney, of Pekin (Robert M. Hansen, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Following a jury trial in the circuit court of Tazewell County, defendant, Jock A. Dooley, was found guilty of four counts of aggravated criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, par. 12—14(b)(1)) and one count of aggravated criminal sexual abuse (Ill. Rev. Stat. 1989, ch. 38, par. 12—16(c)(1)). He was sentenced to consecutive prison terms of six years each on the sexual assault counts and a consecutive three-year term on the sexual abuse count. He contends on appeal that (1) the trial court erred in imposing five consecutive sentences, (2) his sentence was excessive, and (3) he was prejudiced at trial by the ineffective assistance of counsel.

According to the bill of indictment charging defendant, two of the four counts of aggravated criminal sexual assault arose from an incident which occurred on March 24, 1989. The incident underlying the other two counts assertedly took place in November 1988. The count for criminal sexual abuse also related to November 1988. At the time of the alleged incidents, the complainant was a 12-year-old girl who lived at the defendant's apartment with her mother, the defendant, and her younger half-brother. Defendant was the mother's boyfriend. Additional facts will be recited as needed to resolve the issues.

■ Defendant's first contention is that the trial court erred in making all five of his sentences consecutive. Section 5—8—4(a) of the Unified Code of Corrections (Code) provides for consecutive sentences as follows:

> "When multiple sentences of imprisonment are imposed on a defendant at the same time, *** the sentences shall run concurrently or consecutively as determined by the court. *** The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal ob-

jective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or where the defendant was convicted of a violation of Section 12—13 or 12—14 of the Criminal Code of 1961, in which event the court shall enter sentences to run consecutively. Sentences shall run concurrently unless otherwise specified by the court." Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(a).

It is acknowledged by defendant that, when section 12—13 and section 12—14 offenses are perpetrated as part of a single course of conduct involving a single criminal objective, the sentences must be consecutive. Thus, defendant concedes that the convictions arising from the March 24, 1989, incident require consecutive sentences. He further concedes that the convictions stemming from the November 1988 occurrence require consecutive sentences. Defendant points out, however, that the two groups of offenses were separated by several months and urges that they do not constitute a single course of conduct and, therefore, do not require all consecutive sentences. In essence, defendant argues that the two groups of consecutive sentences may run concurrently with each other. As correctly noted by defendant, the trial court expressed belief that it was statutorily required to impose consecutive sentences on all the charges against defendant. Defendant takes the position that the trial court misconstrued the controlling statute.

We recently addressed the precise question at issue here in *People v. Bole* (1991), 223 Ill. App. 3d 247. Defendant in *Bole* pleaded guilty to three violations of section 12—13(a)(3) (criminal sexual assault). Defendant had perpetrated the three offenses against the same victim but on three separate and distinct occasions. Nevertheless, the trial court found that defendant qualified for mandatory consecutive sentences under section 5—8—4(a). Defendant was given separate sentences for the three separate occasions, all to run consecutively. On appeal we reviewed the statute and found the pertinent language to be clear and unambiguous. We concluded that, by its plain meaning, the mandatory consecutive sentencing provision in section 5—8—4(a) was intended to apply only to situations where the relevant offenses occurred during a single course of conduct. Our conclusion was supported by the history of section 5—8—4(a), which we examined in considerable detail.

In *Bole* we discussed *People v. Ewald* (1991), 210 Ill. App. 3d 7, a case recently decided by our colleagues in the fourth district. *Ewald* held that section 5—8—4(a) mandates consecutive sentences where multiple offenses include section 12—13 or 12—14 violations, even if the offenses arose from distinctly separate courses of conduct. *Ewald* has

been followed by the Appellate Court, Fifth District, in *People v. Hough* (1991), 221 Ill. App. 3d 447, 453-55, and *People v. Haun* (1991), 221 Ill. App. 3d 164, 176-77.

The *Ewald* case, which had only recently been decided, was acknowledged, but challenged, by the defendant in *Bole*. In the instant case, the State relies on *Ewald*. However, in *Bole* we specifically disagreed with, and declined to follow, the interpretation of section 5—8—4(a) which was announced in *Ewald* and subsequently adopted in *Hough* and *Haun*. Defendant has not presented, and we have not become aware of, any sound reason to retreat from the position we reached in *Bole*. On the contrary, upon reexamining our opinion in *Bole* for purposes of deciding this case, we are confident that the reasoning we applied and the conclusion we reached there remain valid and vital. We therefore reaffirm that, where the offenses, or groups of offenses, were committed during separate and distinct courses of conduct, section 5—8—4(a) requires consecutive sentences for the offenses within each individual course of conduct but not for the collective offenses from all courses of conduct.

As we mentioned above, the trial court imposed consecutive sentences on all of defendant's convictions because it believed section 5—8—4(a) required such sentences. We have now construed the statute to mandate consecutive sentences only where single courses of conduct are involved. Accordingly, this matter must be remanded, and defendant must be resentenced in light of this construction. We observe, as we did in *Bole*, that, although defendant is not eligible for *mandatory* consecutive sentences for the separate causes of conduct, he still qualifies for consecutive terms under the exercise of the trial court's discretion under section 5—8—4(b). Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(b).

Inasmuch as the matter of consecutive sentences must be remanded for reconsideration by the trial court, we decline to address defendant's second contention, which asserts that the sentence he received was excessive.

We turn now to defendant's argument that he was denied the effective assistance of counsel because his trial attorney failed to timely disclose his alibi defense. During his direct examination at trial, defendant began to testify that he could not have sexually abused the complainant on March 24, 1989, as charged, since he was in Tennessee fishing at the time. The prosecutor interrupted this testimony and, in a sidebar, objected that the testimony was improper since the State had been given no notice of an alibi defense. The court directed that the defendant's alibi testimony be stricken. Later in the trial, however, the court admitted testimony, given by Howard McClaskey, that he and defendant had

left on a fishing trip shortly before midnight on the evening of March 23, 1989, and did not return until March 26. Defense counsel subsequently argued the alibi to the jury in closing argument.

Defendant raised in his post-trial motion the issue of counsel's failure to give notice of an alibi defense. During the hearing on the motion, defendant testified that eight or nine months before trial he had told his trial attorney that he had an alibi. It is uncontested that the record contains nothing to show that defense counsel gave notice of an alibi defense to the prosecution or the court prior to trial.

Defendant stresses that counsel's failure to give notice of an alibi defense put him in a position where he took the stand, testified, and denied the charges, but was unable to even mention, much less present documentary evidence, that he had an alibi. According to defendant, such an omission in his testimony was particularly prejudicial since a defendant would certainly be expected to emphasize his own alibi if he had one. Moreover, defendant insists, he was prejudiced not only with regard to the March charges but also the November charges in that, if he had been able to impeach half the charges against him, by implication he could have attacked the credibility of his accuser on the remaining charges. Defendant concludes that his trial counsel was sufficiently ineffective to warrant a new trial.

In order to prevail on a claim that his sixth amendment right to the effective assistance of counsel has been denied, a defendant must prove (1) that his legal representation was seriously deficient and (2) that he was prejudiced by counsel's deficient performance. (*People v. Chandler* (1989), 129 Ill. 2d 233, 242, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064.) A defendant can provide the necessary proof by showing that counsel's errors were so critical that they deprived him of a fair trial, that is, a trial with a reliable result. (*Chandler*, 129 Ill. 2d at 242.) A defendant must affirmatively demonstrate that counsel's errors actually had an adverse effect on the defense. (*Strickland*, 466 U.S. at 693, 80 L. Ed. 2d at 697, 104 S. Ct. at 2067.) Defendant can carry this burden by showing a reasonable probability that, absent the errors, a reasonable doubt as to his guilt would have existed. (*Strickland*, 466 U.S. at 695, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068-69; *People v. Bean* (1990), 137 Ill. 2d 65, 130.) If an ineffective assistance claim can be disposed of on the ground that counsel's conduct was not sufficiently prejudicial, that course should be followed rather than focusing on counsel's deficiencies. (*Strickland*, 466 U.S. at 697, 80 L. Ed. 2d at 699, 104 S. Ct. at 2069; *People v. Johnson* (1989), 128 Ill. 2d 253, 271.) Upon review of the record in this case, we

are of the opinion that defendant cannot make a showing of prejudice sufficient to sustain his claim.

Defendant's attack on his trial attorney's performance is confined to the attorney's failure to inform the State that he intended to present an alibi defense and to furnish to the State specific information as to the place where defendant claimed he was at the time of the alleged offense. These disclosures are required by Supreme Court Rule 413(d) (134 Ill. 2d R. 413(d)), and the failure to make them, absent a showing of good cause, is ground for excluding evidence of the alibi (*People v. Partee* (1987), 157 Ill. App. 3d 231, 253; *People v. Braxton* (1980), 81 Ill. App. 3d 808, 815). Defendant's testimony that he had told his attorney about his alibi eight or nine months before trial was not contradicted. We conclude that defense counsel should have given notice of an alibi defense. This simple step would have assured that defendant could testify as to his own alibi. However, we cannot say that, merely because he did not testify, defendant received an unfair trial and, therefore, is entitled to a new trial.

First of all, evidence of defendant's alibi was placed before the jury. Howard McClaskey testified that he and defendant were in Tiptonville, Tennessee, fishing, on March 24, 1989, the date of one of the alleged offenses. The witness said he and defendant left between 11:30 p.m and midnight on March 23, 1989, and returned on March 26. This alibi testimony was argued to the jury during defense counsel's closing argument. Defendant nowhere claims that his own testimony, or other evidence he might have presented, would have shown anything more than was revealed by McClaskey's testimony or argued in closing argument. Therefore, while defendant's testimony may have reinforced in the jurors' minds that he was claiming he was not present when the offense occurred, that testimony would have been essentially cumulative.

More significantly, by the end of the trial defendant's purported alibi turned out to be not much of an alibi after all. During the State's case complainant testified that defendant assaulted her on March 24, 1989. Howard McClaskey then testified that he and defendant were gone on a fishing trip on March 24. McClaskey also indicated that the trip took place on Easter weekend and that he and defendant left Thursday night because he had Good Friday off from work. During rebuttal the complainant agreed that defendant had, indeed, gone on a fishing trip around the time asserted by McClaskey. According to complainant, however, the sexual assault occurred before he left.

Complainant explained that she had thought the incident occurred on a Friday but it must have been a Wednesday or a Thursday. When asked why she thought the incident had occurred on March 24, com-

plainant responded that it had happened at a time when she did not have school the next day, and the 24th was a Friday. On cross-examination during rebuttal, complainant testified that the offenses occurred on the last day of school before Easter vacation. The trial judge took judicial notice that March 23, 1989, was a Thursday and March 24, 1989, was Good Friday.

In the final analysis, complainant did not dispute that defendant was gone on March 24, 1989. Rather, she maintained that she had been assaulted before he left, whichever date that may have been. As a result, whether defendant was in Tennessee on March 24 was not significant in terms of defendant having an alibi. Complainant testified the March assaults occurred, not while defendant was in Tennessee, but before he left for Tennessee. Thus, defendant's purported alibi did not place him elsewhere at the time of the March offenses and did not serve him well as an alibi.

To summarize, in light of complainant's rebuttal testimony, defendant's asserted alibi was left with little viability. Consequently, the relevance of evidence concerning the alibi was questionable. Nevertheless, such evidence was, in fact, presented to the jury through Howard McClaskey's testimony. Had defendant testified regarding an alibi, his testimony would have been essentially the same as McClaskey's and, thus, would have been cumulative. Too, the alibi went only to the March violations. It would not have helped defendant directly with regard to the November charges. Under these circumstances, we do not believe defendant has shown a reasonable probability that, if counsel had disclosed an alibi defense, and defendant had been allowed to testify as to that alibi, he could have created a reasonable doubt of his guilt. (See *Strickland*, 466 U.S. at 695, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068-69.) Since we cannot find that defendant was seriously prejudiced, neither can we find that the result of his trial was unreliable. As deficiencies in trial counsel's performance did not deprive defendant of a fair trial, a new trial is not warranted.

Therefore, the verdict and judgment of conviction of the circuit court of Tazewell County are affirmed, the sentence is vacated, and the matter is remanded for resentencing.

Affirmed in part; vacated in part and remanded.

INGLIS, P.J., and GEIGER, J., concur.