(No. 73220.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. FREDERICK J. BOLE, JR., Appellee.

*Opinion filed April 15, 1993.*

NICKELS, J., took no part.

HEIPLE, J., dissenting.

Roland W. Burris, Attorney General, of Springfield, and Thomas F. Baker, State's Attorney, of Woodstock (Rosalyn B. Kaplan, Solicitor General, Terence M. Madsen and Bradley P. Halloran, Assistant Attorneys General, of Chicago, and Norbert J. Goetten, William L. Browers and Cynthia N. Schneider, of the Office of the State's Attorneys Appellate Prosecutor, of Elgin, of counsel), for the People.

G. Joseph Weller, Deputy Defender, and Ingrid Lehnert, *pro bono* counsel, of the Office of the State Appellate Defender, of Elgin, for appellee.

CHIEF JUSTICE MILLER delivered the opinion of the court:

The defendant, Frederick J. Bole, Jr., pleaded guilty in the circuit court of McHenry County to three counts of criminal sexual assault. The trial judge sentenced the defendant to consecutive terms of 10, 10, and 8 years' imprisonment for the convictions. The appellate court vacated the sentences and remanded the cause for resentencing, concluding that the trial judge had erroneously believed that any prison terms imposed in this case must run consecutively. (223 Ill. App. 3d 247.) We allowed the State's petition for leave to appeal (see 134 Ill.

2d R. 315(a)) and now affirm the judgment of the appellate court.

The defendant was charged in a seven-count indictment with seven acts of criminal sexual assault, violations of section 12—13(a)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 12—13(a)(3)). As alleged in the indictment, the offenses occurred during the period from February 19, 1989, to March 5, 1989; the victim in each instance was the defendant's 14-year-old stepdaughter, who was then residing in the defendant's household. On July 24, 1989, the defendant pleaded guilty to counts I, III, and VI of the indictment, and the State nol-prossed the four remaining charges. A sentencing hearing was conducted on October 13, 1989. Following the parties' presentation of aggravating and mitigating evidence, the judge sentenced the defendant to prison terms of 10, 10, and 8 years for the three convictions. The judge found that the offenses were committed as part of a single course of conduct and thus ordered the sentences to run consecutively, as he believed he was required to do by section 5—8—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(a) ("The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, ***, or where the defendant was convicted of a violation of Section 12—13 or 12—14 of the Criminal Code of 1961, in which event the court shall enter sentences to run consecutively")). The trial judge later denied the defendant's motion to withdraw the guilty plea.

The defendant appealed, raising a number of challenges to his plea and sentences. (223 Ill. App. 3d 247.) The appellate court first considered whether the consecutive-sentences provision of section 5—8—4(a) is applicable only if the subject offenses are committed as part of

a single course of conduct. Analyzing the statutory language, its legislative history, and the relevant case law, the appellate court concluded that section 5—8—4(a) is limited in scope to instances in which multiple offenses occur in a single course of conduct. On an examination of the defendant's convictions, the appellate court disagreed with the trial judge's finding, however, that the offenses occurred in a single course of conduct. The appellate court thus found the statute to be wholly inapplicable in the present case. In addition, the appellate court rejected the defendant's challenge to certain evidence introduced by the State at the sentencing hearing. In light of its result on the principal issue, the appellate court found it unnecessary to address several alternative arguments raised by the defendant. The appellate court remanded the action for a new sentencing hearing. We allowed the State's petition for leave to appeal (134 Ill. 2d R. 315(a)), which brings before us as well the defendant's requests for cross-relief (134 Ill. 2d R. 318(a)).

At the time of the defendant's offenses, section 5—8—4(a) of the Unified Code of Corrections provided, in pertinent part:

> "The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or where the defendant was convicted of a violation of Section 12—13 or 12—14 of the Criminal Code of 1961, in which event the court shall enter sentences to run consecutively." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(a).)

We note that the statute discusses offenses "committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal

objective." For our purposes here, we shall refer to this proviso in an abbreviated manner, as simply "offenses committed as part of a single course of conduct." It is unclear from the statute whether the additional language, "during which there is no substantial change in the nature of the criminal objective," is meant to define, or describe, the phrase "single course of conduct," or whether it is intended instead to limit that phrase. We need not resolve that question here.

The principal issue before us is whether the defendant is a candidate for consecutive sentences under section 5—8—4(a). The State contends that the consecutive-sentences provision of section 5—8—4(a) applies regardless of whether the subject offenses are committed in a single course of conduct. In the alternative, the State argues that, if the scope of the statute is restricted to offenses occurring in a single course of conduct, the offenses here were committed in that manner, thus making the statute applicable in the present case.

We shall decide the State's alternative argument first, and determine whether the present offenses were committed as part of a single course of conduct. Section 2—4 of the Criminal Code of 1961 defines the term "conduct" as "an act or a series of acts, and the accompanying mental state." (Ill. Rev. Stat. 1989, ch. 38, par. 2—4.) The phrase "course of conduct" is not separately defined. Given the meaning of "conduct" and the normal acceptation of "course of conduct," we conclude that the phrases could include a range of activity and that it is not necessarily confined to a single incident.

Each of the three counts to which the defendant pleaded guilty charged him with criminal sexual assault, a violation of section 12—13(a)(3) of the Criminal Code. According to the evidence presented at the sentencing hearing, these offenses were part of a longstanding pattern of sexual abuse inflicted by the defendant against

the victim. We do not believe, however, that the defendant's offenses were committed as part of a single course of conduct, as that phrase is used in section 5—8—4(a). The present offenses occurred on three different days: February 22, 1989, February 27, 1989, and March 1, 1989. They were separate events, committed several days apart, with substantial interruptions in time. For these reasons, we conclude that the defendant's offenses were not committed in a single course of conduct.

The State's principal contention in the present appeal is that section 5—8—4(a) is applicable whether or not the subject offenses occur in a single course of conduct. In the proceedings below, the appellate court, second district, rejected the same theory, concluding that the plain language of the statute limits its application to offenses that are committed as part of a single course of conduct. The same result was reached in another case, *People v. Dooley* (3d Dist. 1992), 227 Ill. App. 3d 1063 (second district sitting as third district). Two other districts of the appellate court, however, have reached the opposite conclusion, holding that consecutive sentences are mandatory regardless of whether the subject offenses are committed as part of a single course of conduct. (*People v. Glass* (4th Dist. 1992), 239 Ill. App. 3d 916, 928-30; *People v. Carter* (4th Dist. 1992), 232 Ill. App. 3d 905, 905-06; *People v. Ewald* (4th Dist. 1991), 210 Ill. App. 3d 7, 8-10; *People v. Hough* (5th Dist. 1991), 221 Ill. App. 3d 447, 453-55; *People v. Haun* (5th Dist. 1991), 221 Ill. App. 3d 164, 176-77.) Finding the statutory language to be ambiguous, the appellate panels in those cases have determined that the legislative history indicates that the statute is not limited to offenses occurring in a single course of conduct and, moreover, have believed that imposing such a limitation on the provision would produce the odd result of making consecutive sentences mandatory only in less serious circumstances.

The question before us is one of statutory construction. Our task here is to ascertain and give effect to the intent of the legislature. (*Croissant v. Joliet Park District* (1990), 141 Ill. 2d 449, 455; *People v. Haywood* (1987), 118 Ill. 2d 263, 271.) Our inquiry appropriately begins with the statutory language. (*People v. Hare* (1988), 119 Ill. 2d 441, 447.) We may consider the reason and necessity for the law, the evils it was intended to remedy, and the objects it was designed to attain. (*Stewart v. Industrial Comm'n* (1987), 115 Ill. 2d 337, 341; *Svithiod Singing Club v. McKibbin* (1942), 381 Ill. 194, 198.) We must assume, too, that the legislature did not intend to produce an absurd or unjust result. *State Farm Fire & Casualty Co. v. Yapejian* (1992), 152 Ill. 2d 533, 541.

A brief review of the history of the provision will place the question in sharper focus. As originally enacted, section 5—8—4(a) prohibited the imposition of consecutive sentences for offenses committed in a single course of conduct. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(a).) At that time, the portion of section 5—8—4(a) that is relevant here simply stated, "The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective." The statute thus expressed a general prohibition, applicable to all offenses committed as part of a single course of conduct and motivated by an unchanging criminal objective.

Section 5—8—4(a) was later amended to allow consecutive sentences in certain instances. Effective February 1, 1978, the provision was amended to authorize, but not require, the imposition of consecutive sentences for offenses committed in a single course of conduct if at least one of the offenses was a Class X or Class 1 felony and the defendant inflicted severe bodily injury. (Ill. Rev.

Stat., 1978 Supp., ch. 38, par. 1005—8—4(a) ("The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, in which event the court may enter sentences to run consecutively").) In those circumstances, then, sentencing for multiple offenses stood on the same footing whether or not the crimes were committed in a single course of conduct and were motivated by a single purpose: consecutive sentences were available in any event. See *People v. Buford* (1988), 178 Ill. App. 3d 329, 337-38; *People v. Horne* (1984), 129 Ill. App. 3d 1066, 1075-76; *People v. DeSimone* (1982), 108 Ill. App. 3d 1015, 1023-24.

Effective July 1, 1988, the provision assumed its current form. An amendment that took effect on that date added the language regarding violations of sections 12—13 and 12—14 of the Criminal Code. In addition, the phrase "in which event the court *may* enter sentences to run consecutively" (emphasis added) was changed to read, "in which event the court *shall* enter sentences to run consecutively" (emphasis added). The legislature thus made consecutive sentences mandatory, and not merely discretionary, in the circumstances in which the provision applies. See *People v. Lafferty* (1990), 207 Ill. App. 3d 136, 137-38 (consecutive sentences mandatory for multiple violations of section 12—14 committed in single course of conduct).

The defendant contends that resolution of the primary issue before us is controlled by this court's recent decision in *People v. Wittenmyer* (1992), 151 Ill. 2d 175, 194-97. We agree. In *Wittenmyer*, the court stated that the plain language of section 5—8—4(a) creates two ex-

ceptions to the general prohibition on consecutive sentences for offenses committed in a single course of conduct: first, when multiple offenses include a Class 1 or Class X felony and serious personal harm is inflicted, and, second, when multiple offenses include a violation of section 12—13 or section 12—14 of the Criminal Code of 1961. (*Wittenmyer*, 151 Ill. 2d at 195-96.) What was said in *Wittenmyer* regarding the scope of the statute remains valid today. Although *Wittenmyer* did not involve the precise issue raised in the present case, we decline the State's implicit invitation to alter the holding in that case with a finding that section '5—8—4(a) further applies whenever the subject offenses are committed, regardless of whether they occur in a single course of conduct or in separate courses of conduct. The plain language of the statute clearly indicates that the circumstances in which consecutive sentences are mandatory are exceptions to the general rule prohibiting such sentences when offenses are committed as part of a single course of conduct.

Our inquiry appropriately ends here. Because the statutory language is clear and unambiguous, we have no occasion to resort to other aids of construction, such as the legislative history of the provision. (See *Village of Carpentersville v. Pollution Control Board* (1990), 135 Ill. 2d 463, 469-70.) We note, however, that our interpretation of the statute is not inconsistent with the comments made by legislators regarding this provision. In the present case, the legislative history of this provision is relatively sparse and inconclusive. A few scattered references to the bill appear, but they are limited to brief summaries by its sponsors explaining in general terms the subject nature of the proposed legislation. (See 85th Ill. Gen. Assem., Senate Proceedings, Nov. 6, 1987, at 50 (statements of Senator Degnan) (bill incorporates prior bill requiring "the court to impose consecutive sen-

tences where a defendant is convicted [of] multiple felony offenses and one of those offenses is a criminal sexual assault or aggravated ... criminal sexual assault"); 85th Ill. Gen. Assem., House Proceedings, June 30, 1987, at 241 (statements of Representative Brunsvold) (bill requires consecutive sentences "where a defendant is convicted of multiple felony offenses").) These references to the bill do not explain whether its effect is confined to multiple offenses occurring in a single course of conduct, or whether its force also extends to multiple offenses occurring in separate courses of conduct.

We acknowledge that the statute, as interpreted, creates something of an anomaly, leaving the question of consecutive sentences within the discretion of the trial judge in what must be deemed the more serious situation of multiple offenses committed in separate courses of conduct. We believe, however, that the legislature simply declined to eliminate the discretion available in this situation, while leaving it intact in the other. The surest and most reliable indicator of legislative intent is the language of the statute. (*People v. Bryant* (1989), 128 Ill. 2d 448, 455.) We have determined that the statute plainly requires the imposition of consecutive sentences only when the subject offenses are committed in a single course of conduct, and we find no warrant here for disregarding this clear expression of legislative intent. If the legislature had meant to make this provision generally applicable, we have no doubt that the legislature would have placed the provision in a different part of section 5—8—4. (See Ill. Rev. Stat. 1989, ch. 38, pars. 1005—8—4(f), (g), (h), (i) (requiring imposition of consecutive sentences in various circumstances).) Instead, the legislature amended section 5—8—4(a), adding the provision in question to the portion of the statute pertaining to multiple offenses committed in a single course of conduct. Although this might simply have been an oversight

by the legislature, it is not one that we are able to correct under the guise of statutory interpretation. To do so here would require substantial rewriting of the statutory language, in a manner inconsistent with the clearly expressed intent of the legislature. See *People v. Chandler* (1989), 129 Ill. 2d 233, 253-54; *cf. People v. Parker* (1988), 123 Ill. 2d 204, 210-11 (supplying words consistent with statutory purpose).

Having determined that the defendant's acts were committed in separate courses of conduct, we must conclude that section 5—8—4(a) can have no application here. As grounds for cross-relief, the defendant raises a number of arguments directed against application of the statute to him. In light of the result we have reached, however, we do not need to address these additional contentions.

For the reasons stated, we affirm the judgment of the appellate court, which affirmed the defendant's convictions, vacated the defendant's sentences, and remanded the cause to the circuit court of McHenry County for resentencing.

*Affirmed.*

JUSTICE NICKELS took no part in the consideration or decision of this case.

JUSTICE HEIPLE, dissenting:

The defendant, Frederick J. Bole, Jr., pleaded guilty to three counts of criminally sexually assaulting his stepdaughter. (Ill. Rev. Stat. 1989, ch. 38, par. 12—13(a)(3).) The sexual assaults which were the subject of these convictions took place over an eight-day period, between February 22, 1989, and March 1, 1989. At defendant's sentencing hearing, the victim testified that defendant had sexual relations with her over 100 times. She stated that defendant fondled her and also had her perform cer-

tain sexual acts on defendant whenever the victim's mother left the house and that these incidents occurred several times a week. The trial judge, finding defendant's offenses to have been committed in a single course of conduct, which is the operative statutory language which mandates consecutive sentencing, sentenced the defendant to consecutive terms of 10, 10 and 8 years' imprisonment. The appellate court vacated the sentences and remanded the cause for resentencing, concluding that the defendant's offenses did not constitute a single course of conduct, and that the trial judge had thus erroneously concluded that the prison terms imposed in this case must run consecutively. (223 Ill. App. 3d 247.) The majority, in affirming the judgment of the appellate court, agrees that defendant's offenses were not committed in a single course of conduct, and thus, he was not subject to mandatory consecutive sentencing. I respectfully dissent. I believe that defendant's acts of criminal sexual assault constituted a single course of conduct, thus subjecting defendant to mandatory consecutive sentencing.

The basis for the majority's determination that defendant's acts of criminal sexual assault were not committed as part of a single course of conduct is that the acts were committed on three separate days. This conclusion will not bear analysis. The phrase "single course of conduct" necessarily includes discrete acts which are separated by the passage of time. They are acts, however, which are conjoined by a common goal or purpose. In the instant case, it was the continuous gratification of defendant's sexual appetite at the expense of his stepdaughter. That was his single course of conduct. To conclude otherwise is to deprive the phrase of any meaning. By analogy, a bank teller who embezzles money regularly from his cash drawer over an extended period of time is engaging in a single course of conduct even though the

defalcations occur on separate days. Similarly, an extorter or a blackmailer who obtains money from his victim on repeated occasions is engaged in a single course of conduct. Just so, the defendant's conduct in the instant case.

Accordingly, I respectfully dissent.