THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VERNON EDWARDS, Defendant-Appellant.

First District (5th Division)   No. 1—92—0851

Opinion filed March 4, 1994.

Rita A. Fry, Public Defender, of Chicago (Ronald P. Alwin, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Eileen O'Neill, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GORDON delivered the opinion of the court:

Defendant, Vernon Edwards, was convicted of one count of aggravated criminal sexual assault and two counts of armed robbery. Pursuant to section 5—8—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(a)), the trial court sentenced defendant to concurrent 10-year terms on the armed robbery counts and imposed a 10-year sentence on the aggravated criminal sexual assault charge which was to run consecutive to the sentences for armed robbery. On appeal, defendant challenges only the consecutive nature of his sentence on the aggravated criminal sexual assault conviction. For the reasons set forth below, we vacate the trial court's

imposition of a consecutive sentence and remand this case for resentencing.

FACTS

On May 30, 1990, the complainant, P.S., and her boyfriend, Jay Hicks, were talking in a car parked in Douglas Park. As they were talking, the passenger side window of the car was shattered by a man holding a silver gun, later identified as Derrick Stokes. Another man, later determined to be defendant Vernon Edwards, was standing at the driver's side door of the car holding a black gun.

Defendant pointed the gun at Hicks' head and ordered him to lie face down. Stokes took two leather jackets from the back seat of the car and asked complainant if she had any gold. After feeling her fingers and neck for jewelry, Stokes reached into complainant's blouse and placed his hands up her skirt. Stokes then told complainant to come with him and they walked away from the car. Stokes told complainant to lie down, removed her clothes, and then raped her.

While Stokes and complainant were together, defendant took the car keys, opened the trunk, and rummaged through it. Defendant then closed the trunk, told Hicks not to move, threw the car keys down and left.

After leaving Hicks, defendant came over and told Stokes that he was ready to go. Defendant then said, "wait, I want a blow job." He then forced complainant to perform nonconsensual oral sex after which he had nonconsensual sexual intercourse with her.

After a few minutes, Hicks retrieved the keys, started the car and began to look for complainant. He drove the car towards an individual standing on top of a hill, thinking that that person was complainant. He exited the car and approached the individual. When he got closer, he realized that that person was defendant, not complainant. Defendant then forced Hicks to accompany him at gunpoint to the spot where the complainant and Stokes were. Stokes walked up to Hicks and ordered him to lie face down on the ground. Defendant held Hicks there at gunpoint. At this point, Stokes returned to complainant and forced her to perform oral sex. Apparently, he then raped complainant again, although the record is somewhat unclear on this point. After forcing complainant and Hicks into a nearby lagoon, the assailants fled. During the course of the robbery, the assailants took complainant's purse, two leather coats, Hicks' money and a leather dress and skirt of complainant's from the car trunk.

On July 7, 1990, defendant was arrested, and during police questioning on that date, confessed to the May 30, 1990, aggravated

criminal sexual assault and robbery. Defendant gave further details of those crimes when he was questioned by the police on July 9, 1990. In these statements he admitted robbing the victims and having non-consensual intercourse with complainant.

After a jury trial, defendant was subsequently convicted of the armed robbery of complainant, the armed robbery of Hicks, and aggravated criminal sexual assault. At the sentencing hearing, the State argued that section 5—8—4(a) of the Unified Code of Corrections required the imposition of mandatory consecutive sentences because defendant was convicted of armed robbery, a Class X felony (Ill. Rev. Stat. 1989, ch. 38, par. 18—2), and of aggravated criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, par. 12—14). The trial court accepted this argument, stating:

"I think that the State's position is correct, that the legislature has decided that if someone commits a Class X felony and also in addition to a Class X felony commits a crime of aggravated criminal sexual assault, that I'm required to give them a consecutive sentence, and I assume that's for the protection of the public, and so it's clear that sexual acts are certainly to be treated with some hostility by the legislature and the courts."

The trial court proceeded to sentence defendant to 10 years for each armed robbery count to run concurrently. The trial court then sentenced defendant to 10 years on the aggravated criminal sexual assault charge to run consecutive to the sentences for armed robbery. Defendant appeals from this ruling.

OPINION

On appeal, defendant challenges the consecutive nature of his sentence for aggravated criminal sexual assault. He first argues that section 5—8—4(a) of the Unified Code of Corrections does not require mandatory consecutive sentences in a case such as this where there is a substantial change in the nature of the criminal objective from robbery to rape. Defendant also argues that section 5—8—4(a) is unconstitutional under the United States and Illinois Constitutions as it violates due process, equal protection and the prohibition against double enhancement of penalties.

Section 5—8—4(a) provides:

"When multiple sentences of imprisonment are imposed on a defendant at the same time, or when a term of imprisonment is imposed on a defendant who is already subject to sentence in this State or in another state, or for a sentence imposed by any district court of the United States, the sentences shall run concurrently or consecutively as determined by the court. *** The court shall

not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or where the defendant was convicted of a violation of Section 12—13 or 12—14 of the Criminal Code of 1961, in which event the court shall enter sentences to run consecutively. Sentences shall run concurrently unless otherwise specified by the court." Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(a).

Section 5—8—4(a) has been amended several times since its original enactment. Prior to amendment in 1978, this section provided without exception that consecutive sentences could never be imposed for "offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(a).) Under that provision, consecutive sentencing was discretionary and "depend[ed] upon both the existence of separate and distinct acts and separate motivation behind those acts." (*People v. Perruquet* (1983), 118 Ill. App. 3d 293, 295, 454 N.E.2d 1055.) If the offenses were not committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, the trial court had no authority to impose a consecutive sentence, discretionary or otherwise. *People v. Baker* (1985), 133 Ill. App. 3d 620, 479 N.E.2d 372; see generally *People v. Bole* (1991), 223 Ill. App. 3d 247, 585 N.E.2d 135, *aff'd* (1993), 155 Ill. 2d 188, 613 N.E.2d 740.

In 1978, section 5—8—4(a) was amended to provide that consecutive sentences could not be imposed for offenses committed as part of the same course of conduct during which there was no substantial change in the nature of the criminal objective "unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, in which event the court may enter sentences to run consecutively." (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—4(a).) That amendment promulgated an exception to the general rule to permit imposition of consecutive sentences on a discretionary basis where one of the offenses was a Class X or Class 1 felony coupled with the infliction of severe bodily harm, even where the offenses were committed in a single course of conduct during which there was no substantial change in the nature of the criminal objective. See *People v. Buford* (1988), 178 Ill. App. 3d 329, 533 N.E.2d 472; *People v. Russell* (1986), 143 Ill. App. 3d 296, 492 N.E.2d 960.

Effective July 1988, that section was further amended to also encompass criminal sexual assault (Ill. Rev. Stat. 1987, ch. 38, par. 12—13), and aggravated criminal sexual assault (Ill. Rev. Stat. 1987, ch. 38, par. 12—14). At this time, the legislature also changed the language at the end of this section from "the court may enter" to "the court shall enter" the sentences to run consecutively. (See Pub. Act 85—1003, § 2, eff. July 1, 1988.) As section 5—8—4(a) now exists, it states in its first sentence that the imposition of consecutive sentences for multiple offenses is generally within the discretion of the trial court. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(a).) The second portion of this section prohibits the imposition of consecutive sentences if the multiple offenses were committed during a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless one of the specific crimes enumerated therein is present, in which case the imposition of consecutive sentences is mandatory. Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(a).

The Illinois Supreme Court recently addressed the mandatory consecutive sentence provision of section 5—8—4(a) in *People v. Bole* (1993), 155 Ill. 2d 188, 613 N.E.2d 740. In *People v. Bole,* the defendant was convicted of three counts of criminal sexual assault for actions committed intermittently over the course of two weeks. After defendant was convicted on each of these counts, the trial court sentenced him to consecutive terms of 10, 10, and 8 years' imprisonment, interpreting section 5—8—4(a) as requiring the imposition of consecutive sentences on a mandatory basis in such cases. The appellate court reversed the trial court on the grounds that the multiple sexual assaults were not committed in a single course of conduct, and thus, consecutive sentences were not mandated. *People v. Bole* (1991), 223 Ill. App. 3d 247, 585 N.E.2d 135.

The Illinois Supreme Court, in affirming the appellate court, rejected the State's argument that the consecutive sentence provision of section 5—8—4(a) applies whenever the subject offenses are committed, regardless whether they were committed as part of a single course of conduct. The court stated that "the statute plainly requires the imposition of consecutive sentences only when the subject offenses are committed in a single course of conduct." (*People v. Bole,* 155 Ill. 2d at 198; see also *People v. Wittenmyer* (1992), 151 Ill. 2d 175, 601 N.E.2d 735.) In so holding, the supreme court stated:

> "We acknowledge that the statute, as interpreted, creates something of an anomaly, leaving the question of consecutive sentences within the discretion of the trial judge in what must be deemed the more serious situation of multiple offenses committed

in separate courses of conduct. We believe, however, that the legislature simply declined to eliminate the discretion available in this situation, while leaving it intact in the other. The surest and most reliable indicator of legislative intent is the language of the statute. [Citation.] We have determined that the statute plainly requires the imposition of consecutive sentences only when the subject offenses are committed in a single course of conduct, and we find no warrant here for disregarding this clear expression of legislative intent." *People v. Bole*, 155 Ill. 2d at 198.

Defendant urges that here there was a "substantial change in the nature of the criminal objective" from the armed robbery to the aggravated criminal sexual assault. He argues that because of that reason, the mandatory consecutive sentencing provision of section 5—8—4(a) cannot be held applicable pursuant to the supreme court's opinion in *People v. Bole*. The State counters that the presence of a change in the nature of the criminal objective is insufficient to preclude application of the mandatory consecutive sentencing provision of section 5—8—4(a).

In interpreting the phrase "substantial change in the nature of the criminal objective," the supreme court in *People v. Bole* stated that it was unclear from the statute whether that language is "meant to define, or describe, the phrase 'single course of conduct,' or whether it is intended instead to limit that phrase." (155 Ill. 2d at 193.) In either instance, the interpretation of that phrase is joined to the interpretation of "single course of conduct."

Thus, although this statement fails to directly answer the question before us, *i.e.*, whether consecutive sentences are mandatory if there is a substantial change in the nature of the criminal objective from an armed robbery to an aggravated criminal sexual assault, it appears to do so indirectly. See *People v. Toliver* (1993), 251 Ill. App. 3d 1092, 623 N.E.2d 880 (decided subsequent to the supreme court's decision in *People v. Bole*, which considered substantial change in the nature of the criminal objective standing alone to be a dispositive factor).

■ Contrary to the State's contention, the determination of whether there was a substantial change in the nature of the criminal objective from the armed robbery to the aggravated criminal sexual assault cannot initially be made by this court. Such a determination is necessarily based upon factual considerations and is best suited for the trial court in its role as fact finder. See *People v. Toliver*, 251 Ill. App. 3d at 1098 (remanding case to trial court for determination as to whether there was a substantial change in the nature of the criminal objective with respect to home invasion and aggravated criminal

sexual assaults as "trial court should have the opportunity to consider it in the first instance"); see also *People v. King* (1993), 248 Ill. App. 3d 253, 618 N.E.2d 709 (remanding case for resentencing of aggravated criminal sexual assault charge as the trial court is the more appropriate forum).

The State contends that under the appellate court's decision in *People v. Buford* (1988), 178 Ill. App. 3d 329, 533 N.E.2d 472, "whether defendant's criminal objective remained unchanged throughout the incident is irrelevant to *** the court's imposition of consecutive sentences," quoting language from *Buford* to that effect. (*People v. Buford*, 178 Ill. App. 3d at 338.) We disagree. In *People v. Buford*, the statute involved was the pre-1988 amendment version which held that Class X violations coupled with grievous bodily injury made imposition of a consecutive sentence discretionary regardless of whether or not the offenses occurred as part of a single transaction. Under that statute, the fact that the offenses were separated by time or purpose was clearly irrelevant since no distinctions were drawn between the discretionary imposition of consecutive sentences under the specific crimes exception and the discretionary imposition of consecutive sentences pursuant to the first sentence of subsection (a). (*People v. Bole*, 155 Ill. 2d at 196.) After the 1988 amendment, however, consecutive sentences under section 5—8—4(a) became mandatory with respect to certain specific crimes enumerated therein pursuant to the supreme court's interpretation of that section in *People v. Bole*, but remained otherwise discretionary under the first sentence of section 5—8—4(a). In this context then, the determination that the crimes were part of a single objective in a single transaction is extremely material in determining whether the mandatory provision of the specific crimes exception or the discretionary provision contained in the first sentence of subsection (a) applies.

■ Lastly, the State contends that since a consecutive sentence could in any event be imposed by the trial court, this court is free to determine the propriety of a consecutive sentence under this section without the necessity of a remand. We disagree. Where, as here, a trial court purports to act pursuant to a provision which it has incorrectly interpreted as mandatory when it is in fact discretionary, the proper course is to remand the case to allow the trial court to exercise its discretion. See *People v. Moore* (1993), 250 Ill. App. 3d 906, 918, 620 N.E.2d 583 (rejecting State's argument that consecutive sentences could be imposed by reviewing court as such sentences were within the trial court's discretion under section 5—8—4(a) where "it is clear from a review of the record that the trial judge believed consecutive sentences were indeed mandated under that

section and \*\*\* expressly ordered the sentences to run consecutively based upon [that] interpretation"); see also *People v. Bole*, 155 Ill. 2d at 199; *Galowich v. Beech Aircraft Corp.* (1981), 93 Ill. App. 3d 690, 417 N.E.2d 673, *rev'd on other grounds* (1982), 92 Ill. 2d 157, 441 N.E.2d 318.

■ In light of our holding, it would be premature to address defendant's contentions that section 5—8—4(a) violates the due process and equal protection clauses of the United States and Illinois Constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2), that it violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11), or that it constitutes an impermissible double enhancement of penalties. (See *People v. Bole*, 223 Ill. App. 3d at 260-61 (holding that defendant lacked standing to challenge the constitutionality of section 5—8—4(a); "[a] party may not challenge a statute's constitutional validity unless that party has sustained or is in immediate danger of sustaining a direct injury as a result of the statute's enforcement").) We do note, however, that the constitutionality of this section has in large part been considered in a series of appellate decisions since the supreme court's decision in *People v. Bole*. See, *e.g.*, *People v. Belton* (1993), 257 Ill. App. 3d 1 (determining that section 5—8—4(a) does not violate the eighth amendment's guarantee against cruel and unusual punishment); *People v. Toliver*, 251 Ill. App. 3d at 1099-1100 (holding that section 5—8—4(a) does not violate equal protection or substantive due process); *People v. Bowen* (1993), 241 Ill. App. 3d 608, 609 N.E.2d 346 (rejecting defendant's claim that section 5—8—4(a) violates due process and double jeopardy).

For the foregoing reasons, defendant's sentence on the charge of aggravated criminal sexual assault is vacated and this case is remanded for resentencing.

Judgment vacated and remanded.

MURRAY, P.J., and McNULTY, J., concur.