(No. 77766.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JAMES TUCKER, Appellee.

*Opinion filed October 26, 1995.*

Roland Burris and James E. Ryan, Attorneys General, of Springfield, and Clark E. Erickson, State's Attorney, of Kankakee (Norbert J. Goetten, John X. Breslin and Judith Z. Kelly, of the Office of the State's Attorneys Appellate Prosecutor, of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Thomas A. Karalis, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

JUSTICE NICKELS delivered the opinion of the court:

The issue presented in this appeal is whether section 5—8—4(c)(2) of the Unified Code of Corrections (730 ILCS 5/5—8—4(c)(2) (West 1992)) prohibits a trial court from imposing a consecutive sentence upon a defendant convicted of a Class X felony where that defendant is already subject to two consecutive maximum extended

prison terms for Class X felonies arising from a different incident.

Defendant, James Tucker, was found guilty of residential burglary (720 ILCS 5/19—3 (West 1992)) following a bench trial in Kankakee County. The trial court sentenced defendant to a term of 30 years in the Department of Corrections, to be served consecutively to two previously imposed 60-year consecutive sentences. The previously imposed sentences arose from convictions in an unrelated home invasion that included an aggravated criminal sexual assault.

The appellate court affirmed defendant's conviction, but modified defendant's sentence to run concurrently with defendant's two previously imposed sentences. (263 Ill. App. 3d 895.) The appellate court determined that section 5—8—4(c)(2) of the Unified Code of Corrections prohibits the imposition of consecutive sentences that exceed the sum of the maximum extended terms authorized for the two most serious felonies involved. (See 730 ILCS 5/5—8—2, 5—8—4(c)(2) (West 1992).) The State appealed. (145 Ill. 2d R. 315(a).) We affirm the appellate court.

## Background

Defendant was separately indicted on charges relating to two home invasions that occurred in Kankakee County on April 8, 1992, and April 10, 1992. Defendant was first convicted on charges of home invasion and aggravated criminal sexual assault arising from the April 10 incident. For these two Class X convictions, defendant was sentenced to two consecutive 60-year prison terms. Sixty years' imprisonment is the maximum extended term authorized for a Class X felony. See 730 ILCS 5/5—8—2(a)(2) (West 1992).

Defendant was subsequently tried on the charges arising from the April 8 incident. Defendant was convicted of residential burglary. For that conviction,

the trial court imposed a sentence of 30 years' imprisonment. The trial court further ordered this sentence to be served consecutively to the previously imposed sentences arising from the April 10 incident.

Defendant appealed the 30-year sentence imposed for the residential burglary, arguing that it must be modified to run concurrently with the two previously imposed sentences. Specifically, defendant relied on section 5—8—4(c)(2), which provides:

"[T]he aggregate of consecutive sentences shall not exceed the sum of the maximum terms authorized under Section 5—8—2 for the 2 most serious felonies involved." (730 ILCS 5/5—8—4(c)(2) (West 1992).)

Defendant argued that because he had been previously sentenced to two consecutive maximum extended Class X terms arising from his previous convictions, the most serious felonies involved, he could not be sentenced to a further consecutive Class X term for the residential burglary conviction.

The State argued that the limitation described in section 5—8—4(c)(2) did not apply to defendant. Relying on the First District cases of *People v. Spires* (1st Dist. 1989), 182 Ill. App. 3d 176, and *People v. Tipton* (1st Dist. 1991), 222 Ill. App. 3d 657, the State argued that section 5—8—4(c)(2) did not apply where a defendant's consecutive sentences are imposed for separate offenses committed at different points in time. In both *Spires* and *Tipton*, the courts reasoned that applying section 5—8—4(c)(2) in such circumstances would lead to the anomalous result of allowing a person to commit additional crimes without being subject to further consecutive sentences.

In the instant case, the Appellate Court for the Third District rejected the reasoning of *Spires* and *Tipton*, finding that the plain language of section 5—8—4(c)(2) limited the consecutive sentences that can be imposed regardless of whether the offenses were com-

mitted at the same or different times. Thus, the appellate court modified defendant's sentence for residential burglary to run concurrently with the previously imposed sentences.

## Analysis

The question presented is one of statutory construction and the following principles apply. In interpreting a statute, our objective is to ascertain and give effect to the intent of the legislature. (*Croissant v. Joliet Park District* (1990), 141 Ill. 2d 449, 455.) The most reliable indicator of legislative intent is the language of the statute. (*People v. Bryant* (1989), 128 Ill. 2d 448, 455.) The language of a statute must be given its plain and ordinary meaning. (*People v. Bole* (1993), 155 Ill. 2d 188, 197.) We may further consider the reason and necessity for the law, the evils it was intended to remedy and the objects it was intended to obtain. (*Stewart v. Industrial Comm'n* (1987), 115 Ill. 2d 337, 341.) Where the statutory language is clear and unambiguous, we must apply the statute without further aids of statutory construction. *Bole*, 155 Ill. 2d at 198; *People v. Zaremba* (1994), 158 Ill. 2d 36, 40.

The applicable statutory language states that "the aggregate of consecutive sentences shall not exceed the sum of the maximum terms authorized under Section 5—8—2 for the 2 most serious felonies *involved*." (Emphasis added.) (730 ILCS 5/5—8—4(c)(2) (West 1992).) The instant issue is resolved by determining which felonies are "involved." The State argues that the only felonies involved are those that are charged as part of one transaction. The State further argues that applying the limitation contained in section 5—8—4(c)(2) to consecutive sentences imposed on a defendant for separate incidents produces the absurd result of allowing a defendant to escape criminal responsibility.

We initially note that the plain language of section

5—8—4(c)(2) does not limit application of the aggregate maximum to consecutive sentences imposed for convictions arising out of one transaction. Further, section 5—8—4, when read as a whole, does not support such an interpretation of section 5—8—4(c)(2). Section 5—8—4(a) provides for the imposition of consecutive sentences on a defendant who is subject to a previously imposed sentence:

> "When multiple sentences of imprisonment are imposed on a defendant at the same time, *or when a term of imprisonment is imposed on a defendant who is already subject to sentence in this State or in another state, or for a sentence imposed by any district court of the United States*, the sentences shall run concurrently or consecutively as determined by the court." (Emphasis added.) (730 ILCS 5/5—8—4(a) (West 1992).)

As the statute provides for the imposition of a consecutive sentence on a defendant already subject to a sentence, both sentences are "involved" under the statutory scheme. Thus, the limitation on consecutive sentences articulated in section 5—8—4(c)(2) logically applies regardless of whether the consecutive sentences arise from separate incidents.

This conclusion drawn from the plain language of the statute is further buttressed by an examination of the reason and necessity for the law, the evils it was intended to remedy and the objects it was intended to obtain. (*Stewart v. Industrial Comm'n* (1987), 115 Ill. 2d 337, 341.) The apparent purpose of this type of statute is to limit the total length of consecutive sentences imposed on a defendant, while still fairly punishing the defendant in relation to the severity of the crimes. Such a purpose is reasonable in the context of punishing a defendant for a series of crimes, where the stacking of penalties can result in sentences of extraordinary harshness. (See 3 ABA Standards for Criminal Justice § 18—4.5 (2d ed. Supp. 1986) (recommending a limit on consec-

utive sentences for multiple offenses).) Indeed, this court has assumed that the limitation described in section 5—8—4(c)(2) applies in this context. See *People v. Coleman* (1995), 166 Ill. 2d 247, 258.

The severity of the penalties mandated by section 5—8—4(c)(2) is further evidence that the aggregate limitation was intended to apply to separately charged crimes. We note that section 5—8—4(c)(2) refers to the aggregate of the maximum *extended* terms authorized for the two most serious felonies involved. (See 730 ILCS 5/5—8—2 (West 1992).) For example, where a defendant is convicted of a Class X felony, the maximum extended term is 60 years. (730 ILCS 5/5—8—2(a)(2) (West 1992).) Thus, a defendant convicted of a number of Class X felonies may be sentenced to consecutive terms of imprisonment not to exceed a total of 120 years. (See 730 ILCS 5/5—8—2(a)(2), 5—8—4(c)(2) (West 1992).) Such serious penalties support the view that the limitation described in section 5—8—4(c)(2) applies to separately charged crimes arising from separate incidents.

The State, relying on the reasoning of *Tipton* and *Spires*, argues that applying the aggregate maximum consecutive sentencing limitation to offenses committed at different times produces the absurd result of allowing a defendant to escape punishment. The State notes that, as the defendant here was already sentenced to the maximum consecutive sentences authorized by section 5—8—4(c)(2), he is escaping punishment for his present conviction. To this we respond that such a result is inherent to any limitation on consecutive sentencing, whether the limitation is applied to sentences arising from the same or separate transactions. The legislature has seen fit to provide for a limitation on the total number of consecutive sentences that may be imposed on a defendant. We are not inclined to rewrite the statute under the guise of statutory interpretation. *Bole*, 155 Ill. 2d at 199.

In a related argument, the State asks us to consider the impact of this decision on the mandatory consecutive sentences that may be imposed under sections 5—8—4(f), (g), (h), and (i). Those sections provide for mandatory consecutive sentences for crimes committed while an inmate in the Department of Corrections (730 ILCS 5/5—8—4(f) (West 1992)), for escape or attempted escape (730 ILCS 5/5—8—4(g) (West 1992)), for felonies committed while on pretrial release or pretrial detention (730 ILCS 5/5—8—4(h) (West 1992)), and for felonies committed while free on bond or while detained following conviction of a felony (730 ILCS 5/5—8—4(i) (West 1992)).

In contrast, this defendant was sentenced to a consecutive term pursuant to section 5—8—4(b), which grants a trial court the discretion to impose consecutive sentences where necessary to protect the public. (See 730 ILCS 5/5—8—4(b) (West 1992).) The State argues, however, that if the consecutive sentencing limitation in section 5—8—4(c)(2) applies to separate crimes, then it must also apply to these mandatory consecutive sentences. The State further argues that such an interpretation would contravene legislative intent because a defendant already subject to the maximum allowable consecutive sentences could not be further sentenced under these mandatory consecutive sentencing provisions.

Application of the consecutive sentencing limitation contained in section 5—8—4(c)(2) to the mandatory consecutive sentences that may be imposed under sections 5—8—4(f) through (i) raises a separate and distinct issue of statutory construction not raised by the facts of this case. Therefore, we will not address this issue.

### Conclusion

We hold that a defendant sentenced to consecutive prison terms under section 5—8—4(b) of the Unified

Code of Corrections may not be sentenced to consecutive sentences that exceed the sum of the maximum extended terms authorized for the two most serious felonies involved, whether those felonies are part of the same or separate occurrences. See 730 ILCS 5/5—8—2, 5—8—4(c)(2) (West 1992).

For the reasons stated, the judgment of the appellate court is affirmed.

*Affirmed.*